

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Bayne Satterfield
Firemen's Pension Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-4323
Re: Construction of Sections 7 and 10 of House Bill 258, 45th Legislature, known as State Firemen's Relief and Retirement Law.

The opinion of above reference has been given to the writer for consideration. Your request reads as follows:

"The question has arisen in one of the fire departments regarding the method of determining the amount to be paid in by the firemen, and the amount to be paid the firemen as benefits under provisions of House Bill 258, Forty-fifth Legislature, 1937, commonly known as the State Firemen's Relief and Retirement Law. Will you please give me an opinion from your department on these questions:

"1. Should payments to the fund by the firemen be made on the basis of the rate of salary or the salary actually received? For instance, say a fireman was employed at a salary of $150 per month, but who actually received for the month only $100 due to the fact that he had lost some time and that time was deducted from his salary check.

"2. In computing the benefits to be paid a retiring fireman, should his monthly benefit be figured on the basis of the salary he is supposed to make, if the full time was put in, or on the basis of the amount he actually received per month over the preceding five year period?"

Your first question involves the construction of Section 10 of House Bill 258, supra, which is as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Within sixty (60) days after this Act takes
effect each fully paid fireman and each part paid
fireman whose salary or compensation is Fifty Dollars
($50) or more per month and each part paid fireman
whose salary or compensation is less than Fifty Dol-
lars ($50) per month and each active volunteer fireman
in the employ of any such city or town or enrolled in
the fire department of any such city or town, who desires
himself or his beneficiaries, as hereinafter named, to
participate in such Fund or the benefits therefrom as
by this Act provided, shall file with the Secretary-
Treasurer of the Board of Firemen's Relief and Retire-
ment Fund Trustee of that city or town a statement in
writing under oath that he desires to participate in
the benefits from such Fund, giving the name and relation-
ship of his then actual dependents and shall therein
authorize said city or town or the governing body thereof
to deduct not less than one per centum nor more than three
(3) per centum, the exact amount thereof to be determined
by the vote of the fire department of which such person is
a member, from his salary or compensation if a wholly paid
or part paid fireman whose salary or compensation is more
than Fifty Dollars ($50) per month, but if a part paid
fireman whose salary is less than Fifty Dollars ($50) per
month, or if a volunteer fireman, the statement shall
include a promise and an obligation to pay to said Board
of Trustees not less than Three Dollars ($5) nor more than
Five Dollars ($5) per annum to be paid semi-annually, the
exact amount thereof to be likewise determined by vote
of the fire department of which such person is a member.
Such money so deducted from salaries or compensation or
agreed to be paid to become and form a part of the Fund
herein designated and established as Firemen's Relief and
Retirement Fund of that city or town. Failure or refusal
to make and file the statement herein provided, or failure
or refusal to allow deduction from salary or to pay the
amount herein specified as herein provided on the part of
any member shall forfeit his right to participate in any
of the benefits from said Firemen's Relief and Retirement
Fund. If any such member shall elect not to participate
in such Fund, he shall not be liable for any salary deduc-
tion nor to pay as herein provided."

The Legislature has not seen fit to define what it meant by the term "salary or compensation." The term salary is defined in Webster's International Dictionary as being:

"The recompense or compensation paid, or stipulated to be paid, to a person at regular intervals for service, especially to holders of official, executive or clerical positions; fixed compensation regularly paid, as by the year, quarter, month or week."

The same authority defines the term compensation as being:

"That which constitutes, or is regarded as, an equivalent or recompense; that which makes good the lack of variation of something else; that which compensates for loss or privation; amends; remuneration; recompense."

A reading of the entire bill discloses that the words "salary or compensation" are not used except in Section 10. In other parts of the bill the word "salary" alone is used.

As stated in your question No. 1, the salary of the fireman was $150.00 per month but the fireman actually received only $100.00 due to deductions for loss of time.

After a consideration of the bill as a whole, the purposes of the Act and the manner of carrying out the provisions thereof, we are of the opinion that it was the intention of the Legislature to require the payments to be made on the basis of the compensation actually received by the fireman.

You are, therefore, advised that your question No. 1 is answered to the effect that the deduction will be made on the basis of $100.00 per month.

The answer to your second question depends on the construction of Section 7 of House Bill 258, supra, which is as follows:

"Whenever a person serving as an active fireman duly enrolled in any regularly active fire department in any city or town in the State, now within, or that may hereafter come within the provisions of this Act, shall become

physically or mentally disabled while in and/or in consequence of, the performance of his duty, said Board of Trustees may, upon his request, or without such request if it shall deem proper and for the good of the department, retire such person from active service either upon total or partial disability as the case may warrant and shall order that he be paid from such Fund, (a) if for total disability, an amount equal to one-half the average monthly salary of such fireman, not to exceed the sum of One Hundred Dollars ($100) per month; provided that if such average monthly salary be Fifty Dollars ($50) or less per month, or he be a volunteer fireman with no salary, the amount so ordered paid shall not be less than Twenty-five Dollars ($25) per month; such average monthly salary to be based on the monthly average of his salary for the five (5) year period, or so much thereof as he may have served, preceding the date of such retirement; or, (b) if the disability be less than total, then such sum as in the judgment of the Board of Trustees may be proper and commensurate with the degree of disability; provided further, that if and when such disability shall cease, such retirement or disability allowance shall be discontinued and such person shall be restored to active service at not less than the same salary he received at the time of his retirement for disability."

For the reason stated in answer to your question No. 1, we are of the opinion that the firemen's monthly benefits should be based upon the five-year average of the amounts of money actually received by such firemen.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 18, 1942

(Signed) GROVER SELLERS
First Assistant Attorney General  By (Signed) RICHARD H. COCKE
                                                        Assistant

RHC:ej

APPROVED OPINION COMMITTEE
By B.W.B. Chairman